# EXHIBIT D

COPY

1  TROUTMAN SANDERS LLP
   Kevin F. Kieffer, Bar No. 192193
2  kevin.kieffer@troutman.com
   Dustin H. Thai, Bar No. 293916
3  dustin.thai@troutman.com
   5 Park Plaza, Suite 1400
4  Irvine, CA 92614-2545
   Telephone:  949.622.2700
5  Facsimile:   949.622.2739

6  *Attorneys for Defendant*
   Navigators Specialty Insurance Company
7

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

AUG 21 2018

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

BY FAX

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   COUNTY OF LOS ANGELES

11  RONALD MAYER, an individual,         Case No. BC712415

12         Plaintiff,                    [*Assigned for all purposes to:*
                                         Hon. Richard L. Fruin, Jr., Dept. 15]
13      v.
                                         **DEFENDANT NAVIGATORS**
14  NAVIGATORS SPECIALTY INSURANCE       **SPECIALTY INSURANCE COMPANY'S**
    COMPANY, a New York Corporation,     **ANSWER TO FIRST AMENDED**
15                                       **COMPLAINT**
           Defendant.
16

17                                       Action Filed: July 3, 2018
18

19      Defendant Navigators Specialty Insurance Company ("Navigators"), which issued Errors

20  and Omissions Insurance Policy No. SF11MPL004156IC (the "Policy") to Healthcare Industry

21  Self Insurance Program of California, Inc., by and through its counsel, answers the First

22  Amended Complaint filed by Plaintiff as follows:

23      Pursuant to Code of Civil Procedure § 431.30(d), Navigators denies, generally and

24  specifically, each and every allegation contained in the First Amended Complaint, and the whole

25  thereof, and denies that Plaintiff has or will sustain damages in any sum alleged, or in any other

26  sum, or at all, and denies that Plaintiff is entitled to any of the relief requested, by reason of any

27  alleged act, breach or omission on the part of Navigators, or any agent or employee of Navigators.

28      As for its affirmative defenses, Navigators alleges as follows. By alleging the following

36180258                                  - 1 -

1 | affirmative defenses Navigators does not assume any burden of production, proof, or persuasion
2 | as to such defenses not otherwise imposed by law.

### First Affirmative Defense

The First Amended Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

The Policy bars coverage, in whole or in part, for the amounts sought by Plaintiff.

### Third Affirmative Defense

Plaintiff's claim is barred to the extent that the matter submitted for coverage by Plaintiff fell outside of the Policy's Insuring Clause. [Policy Section I.A; Policy Section III; Policy Declarations Item 7]

### Fourth Affirmative Defense

Plaintiff's claim is barred to the extent that the alleged conduct relating to the matter submitted for coverage by Plaintiff does not constitute the rendering of **"professional services"** for others for a fee as defined in Policy Section III. [Policy Section I.A; Policy Section III; Policy Declarations Item 7]

### Fifth Affirmative Defense

Plaintiff's claim is barred to the extent that the alleged conduct relating to the matter submitted for coverage by Plaintiff includes acts or omissions committed prior to the Policy's **"retroactive date."** [Policy Section I.A; Policy Section III; Policy Declarations Item 8]

### Sixth Affirmative Defense

Plaintiff's claim is barred to the extent that the matter submitted for coverage by Plaintiff does not satisfy the Policy's Insuring Clause's condition that "[p]rior to the inception date of th[e] policy and if continuously renewed, no **Insured** had a basis to believe that any such act or omission, or related act or omission, might reasonably be expected to be the basis of a **claim**." [Policy Section I.A; Policy Section III, as amended by Endorsement No. 1]

### Seventh Affirmative Defense

Plaintiff's claim is barred to the extent that the matter submitted for coverage by Plaintiff does not involve **"damages"** as that term is defined by the Policy. [Policy Section I.A; Policy

1 Section III]

### Eighth Affirmative Defense

Plaintiff's claim is barred to the extent that the matter submitted for coverage by Plaintiff does not involve allegations against an "**Insured**." [Policy Section I.A; Policy Section III, as amended by Endorsement No. 1]

### Ninth Affirmative Defense

Plaintiff's claim is barred to the extent that the matter submitted for coverage by Plaintiff involves claims asserted against entities or individuals who were not acting in an **Insured** capacity. [Policy Section I.A; Policy Section III, as amended by Endorsement No. 1]

### Tenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, pursuant to Policy Section IV.A. [Policy Section IV.A, as amended by Endorsement No. 1]

### Eleventh Affirmative Defense

Plaintiff's claim is barred, in whole or in part, pursuant to Policy Section IV.E.

### Twelfth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, pursuant to Policy Section IV.H.

### Thirteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, pursuant to Policy Section IV.I.

### Fourteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that the matter submitted for coverage by Plaintiff is "[b]ased on or aris[es] out of deceptive trade practices[.]" [Policy Section IV, as amended by Endorsement No. 1]

### Fifteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, pursuant to Policy Section V.E.

### Sixteenth Affirmative Defense

Plaintiff's claim is barred to the extent that the incurred amounts that do not constitute "**claim expenses**" as defined in Policy Section III. [Policy Section I]

### Seventeenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because costs, attorneys' fees, and other amounts allegedly incurred were not reasonable or necessary and/or Plaintiff is not responsible for such costs or fees.

### Eighteenth Affirmative Defense

Plaintiff's claim is barred to the extent Plaintiff seeks to recover amounts within the deductible of the Policy. [Policy Declarations, Item 5; Policy Section II.C]

### Nineteenth Affirmative Defense

Plaintiff's claim is barred to the extent Plaintiff seeks to recover amounts in excess of the applicable Limit of Liability of the Policy. [Policy Declarations, Item 4; Policy Section II]

### Twentieth Affirmative Defense

Plaintiff's claim is barred in the event that the application for the Policy and/or other materials submitted to and/or reviewed by Navigators in connection with the underwriting or negotiation of the Policy contained materially false, inaccurate, incomplete, or otherwise misleading statements, representations, or omissions. [Policy Section V.K]

### Twenty-First Affirmative Defense

Plaintiff's claim is barred in the event that Plaintiff has breached any warranties in connection with the Policy.

### Twenty-Second Affirmative Defense

In the event that the application for the Policy and/or other materials submitted to and/or reviewed by Navigators in connection with the underwriting or negotiation of the Policy contained materially false, inaccurate, incomplete, or otherwise misleading statements, representations or omissions, the Policy is *void ab initio*. [Policy Section V.K]

### Twenty-Third Affirmative Defense

In the event that Plaintiff has breached any warranties in connection with the Policy, the Policy is *void ab initio*.

### Twenty-Fourth Affirmative Defense

Plaintiff is not entitled to recover against Navigators based on the allegations in the First Amended Complaint to the extent that Plaintiff, or any other **Insured**, failed to comply with the terms, conditions, definitions, exclusions, and/or limits of liability in the Policy.

### Twenty-Fifth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because costs, attorneys' fees, and other amounts allegedly incurred do not satisfy Section 8 of the Settlement Agreement entered into between Navigators and Plaintiff on or around July 26, 2017.

### Twenty-Sixth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because costs, attorneys' fees, and other amounts allegedly incurred do not satisfy Navigators' guidelines.

### Twenty-Seventh Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because costs, attorneys' fees, and other amounts allegedly incurred were not incurred for purposes of finalizing the Settlement Agreement.

### Twenty-Eighth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because costs, attorneys' fees, and other amounts allegedly incurred are not covered by the Policy.

### Twenty-Ninth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because costs, attorneys' fees, and other amounts allegedly incurred are not covered by the Settlement Agreement.

### Thirtieth Affirmative Defense

Plaintiff is not entitled to recover against Navigators based on the allegations in the First Amended Complaint to the extent that Plaintiff has failed to comply with any terms, conditions, definitions or warranties in connection with the Settlement Agreement.

### Thirty-First Affirmative Defense

Plaintiff's claim may be barred or limited by the doctrines of estoppel and/or waiver.

### Thirty-Second Affirmative Defense

Plaintiff is not entitled to recover based on the allegations in the First Amended Complaint to the extent that Plaintiff's claim is barred by the defense of unclean hands.

### Thirty-Third Affirmative Defense

Plaintiff is not entitled to recover based on the allegations in the First Amended Complaint to the extent that Plaintiff's own actions or the actions of third parties were the sole cause of or contributed to Plaintiff's damages, if any.

### Thirty-Fourth Affirmative Defense

Plaintiff is not entitled to recover against Navigators based on the allegations in the First Amended Complaint to the extent Plaintiff has failed to mitigate damages, if any.

### Thirty-Fifth Affirmative Defense

Plaintiff's claim may be barred or limited by the doctrine of laches.

### Thirty-Sixth Affirmative Defense

Plaintiff's claim may be barred or limited by the doctrine of unjust enrichment.

### Thirty-Seventh Affirmative Defense

The purported claims and causes of action contained in the First Amended Complaint require, for its complete adjudication, the joining of additional, necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved.

### Thirty- Eighth Affirmative Defense

Plaintiff's claim may be barred, limited or offset by Navigators' right to reimbursement for amounts paid under the Policy, which were subject to a full reservation of rights.

### Thirty-Ninth Affirmative Defense

Navigators affirmatively asserts any other matter constituting an avoidance or affirmative defense that proves applicable and reserves the right to assert additional defenses that may be revealed or become available during further investigation or discovery in this action.

WHEREFORE, Navigators prays as follows:

1.  That Plaintiff takes nothing by way of the First Amended Complaint;

2. For Navigators' costs of suit;

3. For Navigators' attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

Dated: August 21, 2018

TROUTMAN SANDERS LLP

By: _____
Kevin F. Kieffer
Dustin H. Thai

*Attorneys for Defendant*
Navigators Specialty Insurance Company

## PROOF OF SERVICE BY MAIL

STATE OF CA, COUNTY OF ORANGE

I am employed in the County of Orange, State of CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545.

On August 21, 2018, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Jacob Unger<br>12643 Emelita Street<br>Valley Village, CA 90167 | Attorney for plaintiff,<br>Ronald Mayer |

I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 21, 2018, at Irvine, CA.

_____
Lisa R. Golden

PROOF OF SERVICE